```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Ricardo Done,

                   Plaintiff,

               -against-

Commissioner of Social Security,

                 Defendant.
-------------------------------------------------------------X

**ORDER OF SERVICE & SCHEDULING ORDER IN SOCIAL SECURITY CASE**

20-CV-7333 (GBD) (KHP)

**KATHARINE H. PARKER, United States Magistrate Judge**.

### I. Introduction

This case has been referred to me for a report and recommendation. Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a denial of social security disability benefits. **This Order supersedes all prior scheduling orders in this action.**

### II. Service of the Summons and Complaint

Because Plaintiff is proceeding *pro se* and has been granted approval to proceed *in forma pauperis*, the Plaintiff does not need to serve the summons and complaint in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure or 20 C.F.R. § 423.1. Rather, **the Clerk of Court shall notify the U.S. Attorney's Office for the Southern District of New York of the filing of this *pro se* case**, for which the filing fee has been waived. **The Clerk of Court is also respectfully requested to send a copy of this Order to the *pro se* Plaintiff**.

### III. Answering the Complaint and Filing the Administrative Record

Once the Civil Division of the United States Attorney's Office for the Southern District of New York (or alternatively the Office of the General Counsel, Social Security Administration ("SSA")), on behalf of the Commissioner of Social Security (the "Commissioner"), enters an appearance, the Commissioner will have 90 days from the date of the appearance to file the Electronic Certified Administrative Record (the "Administrative Record").

Alternatively, once the Commissioner has made an appearance, the Commissioner will have 60 days to file a motion to dismiss the complaint. Plaintiff will have 30 days to oppose the

motion to dismiss, and the Commissioner must reply within 7 days.  If no motion to dismiss is filed, the following schedule shall be in effect.

**IV.**      **Mandatory Settlement Process**

The parties shall engage in reasonable good faith settlement negotiations to resolve the matter, according to the schedule set forth below.  The purpose of this requirement is to encourage the parties to engage in the early identification of cases that might be amenable to resolution before significant counsel and judicial resources are expended, and to ensure prompt handling of Plaintiff's complaint. **Within 45 days of the filing of the Administrative Record**, one of the following actions shall occur:

>  1.      The parties shall electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or
>
>  2.      The parties shall electronically file a joint letter advising the Court that the parties have been unable to resolve the case and are proceeding to prepare the Joint Stipulation described in section V below.

Any stipulation entered between the parties including, but not limited to, a remand to the Commissioner of Social Security for further proceedings must be approved by the assigned district judge, unless the parties consent to the undersigned's jurisdiction over the case for all purposes as discussed further in section VI.  The parties are advised that a remand to the Commissioner for further proceedings is not necessarily a final disposition of the case, and Plaintiff may be entitled to seek further review of any additional proceedings before the Commissioner.

**V.**      **Joint Stipulation (in lieu of Motion for Judgment on the Pleadings)**

If the parties are unable to resolve the matter after the exchange discussed above, the Court directs that, rather than proceed in the usual fashion in this District, the parties prepare a Joint Stipulation as described below. The Court's decision in this case will be made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

<u>The parties shall cooperate in preparing the Joint Stipulation, and sanctions may be imposed for any failure to cooperate.</u>  A Joint Stipulation that is not signed by both parties may be rejected and returned to the parties.  A Joint Stipulation that is electronically filed but not prepared in the manner required by this Scheduling Order may be stricken, in which case the parties will be required to cure the defects by filing an Amended Joint Stipulation.

   A.      <u>Content of Joint Stipulation</u>

The Joint Stipulation shall include a brief summary of the procedural history, a statement of the facts, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested.  Any issue not raised in the Joint Stipulation may be deemed to have been waived.  The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards.  Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.[1]  When citing relevant cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon.  The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the Administrative Record for all evidence relied upon [*i.e.*, "R. at ___"].  In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or other standard reference work.  The parties may not supplement the record beyond the definition of technical terms.

B.     Form of Joint Stipulation

The Joint Stipulation shall be prepared in the following format:

1.     Summary of Procedural History

The Commissioner shall provide Plaintiff a statement of the course of proceedings of this matter before the Social Security Administration and any previous proceedings in the federal courts, including citations to the page number(s) of the transcript or the docket number of the court file at which each decision by the ALJ, the Appeals Council, or a federal court can be found. The statement shall also include a substantive summary of the ALJ's opinion.

2.     Joint Stipulated Statement of Facts

The Commissioner shall provide Plaintiff with a statement of all facts which Commissioner will rely on to support the Commissioner's position as to each disputed issue with citations to the Administrative Record.  It is helpful to the Court if the facts in the treatment records are stated chronologically, although it may be necessary in complicated records to state the facts under subheadings, such as Physical Impairments or Mental Impairments.  The relevant medical history should be written in plain English and any medical terms should be defined.  It is also helpful to the Court if the professionals whose records or

---

[1] The parties should cite only controlling case authority, i.e., decisions of the United States Supreme Court or the Second Circuit Court of Appeals.  If there is no controlling authority, decisions of other courts may be cited.

testimony are part of the record relied upon by the parties are identified by their title or area of expertise, for example, M.D., chiropractor, or vocational expert.

After the Commissioner serves the Plaintiff with its version of the Joint Stipulation, the Plaintiff may then add to the Commissioner's statement of facts by including any additional facts on which the Plaintiff will rely to support the Plaintiff's position as to each disputed issue. Any new facts must be inserted in the chronologically appropriate place in the Commissioner's statement of facts.

If the Plaintiff objects to a statement of fact set forth by the Commissioner, the parties must confer in a good-faith effort to resolve the objection. If the parties are not able to resolve the objection, the parties may state objections to particular facts in appropriate footnotes.

3. <u>Statement of Disputed Issues</u>

The Commissioner shall identify and frame, in a neutral fashion, each of the disputed issues raised by Plaintiff as the grounds for reversal and/or remand and as previously discussed with the Plaintiff during the Mandatory Settlement Process. [For example: "Issue No. 1 – Whether the ALJ properly evaluated Plaintiff's subjective complaints of pain"]. If the Plaintiff disagrees or believes the issues are not correctly or fully stated, Plaintiff will provide clarification of the issues. *The Court will not consider any grounds for reversal that are not set forth in the Statement of Disputed Issues.*

4. <u>Issues and Contentions</u>

a. Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

i. Plaintiff's Contentions Regarding Issue No. 1 [Plaintiff shall concisely set forth his or her contentions (including citations to the page(s) of the Administrative Record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

ii. Commissioner's Contentions Regarding Issue No. 1 [The Commissioner shall concisely set forth her contentions (including citations to the page(s) of the Administrative Record where cited evidence is found, complete citations to relevant legal authority, and clear definitions of medical terminology).]

b. Issue No. 2, etc. [Repeat the foregoing as needed.]

5. <u>Relief Requested</u>

a. Plaintiff's statement of relief requested.

        b. The Commissioner's statement of relief requested.

    C.    <u>Schedule for Preparation and Filing of Joint Stipulation</u>

The Joint Stipulation shall be prepared and electronically filed according to the following schedule:

    1.    Within 90 days after the Administrative Record has been served and filed, counsel for the Commissioner shall deliver to a draft of the Commissioner's portions of the Joint Stipulation to Plaintiff (prepared as described in section V(B)). The Commissioner's counsel shall provide Plaintiff with a printed copy of its portions of the Joint Stipulation and a computer-readable copy on a diskette, thumb-drive or via e-mail. The draft shall comply with the format and content requirements set forth elsewhere in this Order.

    2.    Within 30 days thereafter, Plaintiff shall provide to counsel for the Commissioner Plaintiff's portions of the Joint Stipulation and shall deliver a printed and computer-readable copy on a diskette, thumb drive or via e-mail to counsel for the Commissioner.[2] If Plaintiff is requesting remand for the consideration of new evidence, Plaintiff also shall provide a description of the new evidence, along with copies of any documentary evidence, upon which Plaintiff relies.

    3.    Within 14 days thereafter, counsel for the Commissioner shall incorporate into the Joint Stipulation any reply that the Commissioner wishes to make and shall deliver a completed copy of the Joint Stipulation signed by counsel for the Commissioner to Plaintiff for review and signature. Plaintiff may not raise new issues at this time. Plaintiff must sign the Joint Stipulation within 7 days of receiving it from the Commissioner and return a signed copy to counsel for the Commissioner within those 7 days for electronic filing with the Court.

    5.    Unless otherwise ordered, the issues presented in the Joint Stipulation will be deemed submitted for decision without oral argument.

    6.    Requests for extensions of the deadlines set by this scheduling order may be granted by the Court, <u>but only if made at least 3 days in advance of the deadline and good cause is provided for the request</u>. Wherever possible, an extension request should be made in the form of a proposed stipulation and order. The parties are expected to reasonably cooperate with each other.

---

[2] The Court recognizes that differing word-processing platforms may make incorporation of the entire Joint Stipulation into a single electronic document difficult. If the parties do not use the same word-processing platform, the parties may break the Joint Stipulation into different sections on different pages as necessary.

**VI.**     **Consent to Decision by Magistrate Judge Under 28 U.S.C. § 636(c)**

The parties shall advise the Court as to whether they jointly consent to decision of this action by a United States Magistrate Judge (that is, the undersigned), pursuant to the consent form available on the Southern District website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge. If both parties consent, they should complete counterparts of the form and return it to the assigned district judge for approval, with a copy to my chambers. If either or both parties do not consent, counsel for Plaintiff shall report to chambers that the parties do not consent, without indicating any particular party's consent or non-consent. This Order is not meant to interfere in any way with the parties' absolute right to decision by a United States District Judge but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

Plaintiff shall notify the Court, in writing, whether the parties consent no later than the date by which the Joint Stipulation is filed.

**The Clerk of Court is respectfully directed to notify the U.S. Attorney's Office for the Southern District of New York of the filing of this *pro se* case, for which the filing fee has been waived, and send a copy of this Order to the *Pro Se* Plaintiff by either certified mail or by email if Plaintiff has consented to electronic service.**

**SO ORDERED.**

Dated:   April 1, 2021
            New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge